WILLIAM G. BROWN et al. v. THOMAS HAMBLETON.

No. 6271; November 3, 1879.

**Evidence—Letters of Outside Parties.**—A letter from a vendor's land agent to the vendee, written after the sale, is not evidence against an outside person in an action by him against the vendee's assign.

APPEAL from County Court, Placer County.

P. Dunlap and W. H. Bullock for appellants; Hale & Craig for respondent.

By the COURT.—The action was brought under the second subdivision of section 1160 of the Code of Civil Procedure, it being alleged that the defendant entered upon the premises during the absence of the plaintiff. The defendant, in order to prove that his entry was not unlawful, introduced in evidence a contract for the sale of the lands by the Central Pacific Railroad Company to Baum; also an agreement between him and the defendant that they were jointly interested in the contract, on certain specified terms; and also oral evidence to prove that B. B. Redding was the land agent of the railroad company, and that Baum had authorized the defendant to enter upon the land, and he then, against the objection of the plaintiffs, introduced in evidence the last paragraph of a letter from Redding to Baum, dated after the above-mentioned contract, which is as follows: ''I am sorry that trouble has arisen and hope you will find some way to settle it. But the fact is that the land is yours, and the law gives to you the legal right to do with it as you see proper''; and the defendant at the same time stated that it was offered only for the purpose of proving that the Central Pacific Railroad Company recognized the right of Baum and defendant to make entry upon and hold the possession of the premises in controversy. We are not apprised of the ground upon which the defendant claims that such portion of the letter was admissible in evidence, as he has not filed any points and authorities, but, in our opinion, it was inadmissible for the purpose for which it was offered

Judgment and order reversed and cause remanded for a new trial. Remittitur forthwith.